1

2

3

4

5

6                                                        *E-FILED - 9/11/08*

7

8

9                        IN THE UNITED STATES DISTRICT COURT

10                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   DWAYNE NORTON,                          )   No. C 07-1577 RMW (PR)
                                             )
         Plaintiff,                          )   ORDER GRANTING
13                                           )   DEFENDANTS' MOTION TO
                                             )   DISMISS; DENYING
     v.                                      )   DEFENDANTS' MOTION TO
14                                           )   CHANGE TIME FOR FILING OF
     CONTRA COSTA COUNTY SHERIFF'S           )   DISPOSITIVE MOTION AS MOOT
15   DEPT., et al.,                          )
                                             )
16       Defendants.                         )   (Docket Nos. 11, 18)
                                             )
17   ———————————————————————                 )

18       Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

19   The court ordered service on the defendants.  Defendants filed a motion to dismiss the complaint

20   based on plaintiff's failure to exhaust state remedies.  Plaintiff did not file an opposition.  Having

21   reviewed the pleadings, the court GRANTS defendants' motion to dismiss and dismisses this

22   action without prejudice for failure to exhaust his administrative remedies.  The court also

23   DENIES as moot defendants' motion to change the time for filing a dispositive motion.

24                                        **DISCUSSION**

25       1.     Standard of Review

26       Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the

27   burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108,

28

     Order Granting Defendants' Motion to Dismiss; Denying Defendants' Motion to Change Time for Filing of
     Dispositive Motion as Moot
     P:\PRO-SE\SJ.Rmw\CR.07\Norton577dis-exh.wpd

1    1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an unenumerated Rule 12(b)

2    motion rather than in a motion for summary judgment.  Id.  In deciding a motion to dismiss for

3    failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide

4    disputed issues of fact.  Id. at 1119-20.[1]  If the court concludes that the prisoner has not

5    exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

6            2.      Analysis

7            The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to

8    provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

9    § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

10   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

11   Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo,

12   126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  Exhaustion is

13   a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve

14   general conditions or particular episodes, whether they allege excessive force or some other

15   wrong, and even if they seek relief not available in grievance proceedings, such as money

16   damages.  Porter v. Nussle, 122 S. Ct. 983, 988, 992 (2002).

17          Here, defendants correctly raise nonexhaustion in an unenumerated motion to dismiss.

18   Defendants submit a declaration in support of their position that plaintiff failed to utilize any of

19   the Sheriff's Department's grievance procedures, see Defendants' Motion, p. 9 and Declaration,

20   p.2.  Further, defendants have no record of any administrative grievance filed by plaintiff during

21   the time he was housed in their facility from May 4, 2004 through May 24, 2005, see

22   Declaration, p. 3-4.  Therefore, defendants argue that plaintiff has failed to exhaust

23   administrative remedies.  Plaintiff has filed no opposition.

24          Section 1997e(a) requires that plaintiff must exhaust all administrative remedies before

25

26          [1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss
27   for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must
     give the prisoner fair notice of his opportunity to develop a record.  Wyatt, 315 F.3d at 1120
28   n.14.  Plaintiff was given such notice in the October 18, 2007 order in this matter.

Order Granting Defendants' Motion to Dismiss; Denying Defendants' Motion to Change Time for Filing of
Dispositive Motion as Moot
P:\PRO-SE\SJ.Rmw\CR.07\Norton577dis-exh.wpd        2

1  raising the claim in a § 1983 complaint in federal court.  See Woodford v. Ngo, 548 U.S. 81, 88

2  (2006) ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to

3  the programs it administers before it is haled into federal court, and it discourages disregard of

4  [the agency's] procedures.") (internal quotations omitted).  As it is clear from defendants'

5  motion and exhibits that plaintiff has not completed any level of administrative review available

6  to him, and there is no applicable exception to the exhaustion requirement, dismissal without

7  prejudice is appropriate.[2]

8         Accordingly, the court GRANTS defendants' motion to dismiss for failure to exhaust

9  (docket no. 11).  The court further DENIES defendants' motion to change the time for filing a

10  dispositive motion as moot (docket no. 18).  This case is DISMISSED without prejudice to

11  plaintiff's refiling his claim after all available administrative remedies have been exhausted.

12         The Clerk shall close the file.

13         IT IS SO ORDERED.

14  DATED:  9/10/08                          _Ronald M. Whyte_____
                                            RONALD M. WHYTE
15                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26  _____

27     [2]  In light of this conclusion, the court finds it unnecessary to address defendants' argument
    that defendant Contra Costa County Sheriff's Department should be dismissed because plaintiff
28  failed to state a claim against it.

Order Granting Defendants' Motion to Dismiss; Denying Defendants' Motion to Change Time for Filing of
Dispositive Motion as Moot
P:\PRO-SE\SJ.Rmw\CR.07\Norton577dis-exh.wpd        3